IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| JUAN DOMINGO RAMIREZ, #2303422 § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22cv679 |
| § | |
| DIRECTOR, TDCJ-CID § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Petitioner Juan Domingo Ramirez filed a petition for writ of habeas corpus. (Dkt. #1). The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

Although styled as a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the Court construed Petitioner's petition for writ of habeas corpus as one seeking relief under 28 U.S.C. § 2254. (Dkt. #5). On October 12, 2022, the Court ordered Petitioner, within fourteen days from receipt of the Order, to either (1) notify the Court he does not wish to have his petition construed as a § 2254 petition, or (2) complete the § 2254 form fully and legibly and submit it to the Court should he wish to proceed with a § 2254 petition.[1] (Dkt. #8). The Court also ordered Petitioner—if he wished to proceed with a § 2254 petition—to pay the $5.00 filing fee or to submit an application to proceed *in forma pauperis* within fourteen days from receipt of the Order. (Dkt. #8). The record shows that Petitioner acknowledged receipt of the Order on October 26, 2022. (Dkt.

---

[1] This was the Court's second order of this type. (*See also* Dkt. #5). In both orders (Dkt. ##5, 8), the Court advised Petitioner that such re characterization means any future § 2254 petitions will be subject to restrictions on "second or successive" § 2254 petitions. *See Castro v. United States*, 540 U.S. 375 (2003).

1

#9). As of this date, Petitioner has failed to comply with the Court's Order. He has failed to prosecute his case.

The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely in whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). Petitioner has failed to comply with the Court's Order; therefore, the case should be dismissed for failure to prosecute.

## RECOMMENDATION

It is recommended the petition for writ of habeas corpus be dismissed without prejudice. Fed. R. Civ. Proc. 41(b).

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that

such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 21st day of November, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE